UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>              Plaintiff,<br><br>       v.<br><br>ROB BONTA,<br><br>              Defendant. | No.  2:23-cv-0213 AC P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Also pending before the court are plaintiff's numerous motions for injunctive relief.

I.  <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 5.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Complaint

### A.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citations omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

B.   Allegations of the Complaint

Plaintiff is a Mexican national serving a twenty-one-years-to-life sentence at Mule Creek State Prison ("MCSP") for second degree murder. ECF No. 1 at 7. He alleges that Bonta, the Attorney General of California, and various John Doe California Board of Parole Hearings employees—including lawyers, interpreters, translators, and psychologists—have violated his constitutional rights. Id. at 8-9. Specifically, plaintiff alleges that defendants have abused their power and authority by refusing to transfer him to Mexico, in violation of a federal treaty; denying him parole under youth and elderly offender laws; and denying him parole on multiple occasions based on his race and crime factors. Id. at 9-15. Plaintiff seeks relief in the form of release from custody or transfer to Mexico. Id. at 13.

C.   Failure to State a Claim

i.   Personal Involvement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not

sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Because plaintiff makes only conclusory allegations that defendants violated his rights and he fails to make specific allegations regarding the conduct of any defendant, he fails to state a claim for relief against any defendant.

### ii. Parole Board Members

"[P]arole board members are entitled to absolute immunity [from damages] for parole board decisions." Brown v. Cal. Dep't of Corr., 554 F.3d 747, 751 (9th Cir. 2009) (citation omitted). However, "circuit courts have long held that parole boards may not exclude an inmate from consideration for parole based on race," Thompson v. Davis, 295 F.3d 890, 897 (9th Cir. 2002) (citations omitted), and absolute immunity will not bar a claim for injunctive relief such as a new parole board hearing, see Thorton v. Brown, 757 F.3d 834, 839-40 (9th Cir. 2013) (absolute immunity did not bar claim for injunctive relief against parole officer based on imposition of unconstitutional parole conditions).

Plaintiff alleges that defendants unlawfully postpone parole hearings for various reasons and use misleading tactical actions to intentionally prolong incarceration in order to further defendants' personal interests in keeping people of color incarcerated. ECF No. 1 at 9. He asserts that all actions made by defendants are racially motivated and that each defendant holds racial bias and prejudice against him based on his criminal factors and his nationality. Id. However, plaintiff makes only conclusory allegations of racial bias against defendants generally. Because he fails to offer any specific factual allegations that would support an inference that any defendant's conduct was racially motivated, plaintiff fails to state a claim for relief.

### iii. Doe Defendants

The complaint names John Does 1-10 as defendants. ECF No. 1 at 8. While the use of fictitiously named Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). Currently, plaintiff makes allegations against Doe defendants generally and fails to separately identify any Doe defendant or their conduct. Because plaintiff has not identified any specific action taken by

any separately identified Doe defendant, he fails to state any claims against any of them. See Rizzo, 423 U.S. at 371, 376. Plaintiff is advised that should he choose to amend the complaint, allegations against Doe defendants should identify each Doe defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each individual did to violate his rights.

### iv. Defendant Bonta

Plaintiff names Bonta as a defendant and alleges that he is defending plaintiff's "unlawful/unconstitutional conviction and excessive confinement," as well as denying plaintiff's transfer to Mexico. ECF No. 1 at 8, 11. Although plaintiff provides no specific details as to how Bonta has contributed to the harm he alleges, the claims appear to be based upon Bonta's position as Attorney General of California and the role of the Attorney General's Office in the parole process and in representing various state agencies and their employees. To the extent plaintiff's claims are based on Bonta's (or any Deputy Attorneys General's) actions in defending civil lawsuits or plaintiff's conviction and confinement, Bonta is absolutely immune from liability. Fry v. Melaragno, 939 F. 2d 832, 837 (9th Cir. 1991) (absolute immunity extends to government attorneys handling civil litigation); Brown, 554 F.3d at 750 (prosecutors are "absolute immunity for parole recommendations, because parole decisions are a continuation of the sentencing process").

To the extent it appears plaintiff has named Bonta solely based of his supervisory position as Attorney General of California, an individual's supervisory role does not render them liable for the actions of his subordinates under a respondeat superior theory. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983." (citation omitted)). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Therefore, Bonta cannot be retained in this action merely because he held a supervisory role. The exception to this rule is that plaintiff may name an appropriate state supervisory official for the sole purpose of seeking appropriate prospective injunctive relief. Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014) (citation omitted). Therefore, while plaintiff may not obtain damages against Bonta based on his role as a supervisor, he may have a claim for injunctive relief if he requests an appropriate

injunctive remedy and Bonta is the appropriate official to provide the requested relief.

          v.   Scope of Section 1983

Prisoners may not challenge the fact or duration of their confinement in a section 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence"). Accordingly, to the extent plaintiff seeks early release or to challenge his conviction, sentence, or continued detention, he fails to state a claim. Plaintiff's request for deportation to Mexico is also not properly before this court. As the United States District Court for the Northern District of California held in denying plaintiff's petition for habeas corpus,

> Foreign nationals may apply for transfer to their country of origin pursuant to their rights under the foreign prisoner transfer treaty, 22 I.L.M. 530 (1983) ("Treaty"), which were incorporated into California Penal Code §§ 2912 and 5028(a) and implemented in part by 18 U.S.C.A. §§ 4100-15. However, the Treaty does not grant prisoners any right to be transferred because Article III of the Treaty states that the decision to transfer is discretionary and that "a sentenced person may be transferred under this Convention only . . . if the sentencing and administering States agree to the transfer." 22 I.L.M. 530, art. 3 (1983). Accordingly, the denial of Petitioner's request to be transferred to Mexico did not violate a federal right. Rather, he may challenge it, if at all, in the state courts.

Calderon v. Covello, No. 22-cv-3881 BLF (PR), 2023 WL 5420229, at *5, 2023 U.S. Dist. LEXIS 147728, at *13 (N.D. Cal. Aug. 22, 2023) (alteration in original).

The court declines to offer plaintiff the option to convert his complaint to a habeas petition because it appears the Northern District has already denied his habeas petition raising similar claims and he has already filed another habeas petition in this court raising similar claims. See Calderon, 2023 WL 5420229, 2023 U.S. Dist. LEXIS 147728; Calderon v. Board of Parole Hearings of California, No. 2:23-cv-2554 CKD (E.D. Cal.).

        D.    Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file a first amended complaint, they must demonstrate how the conditions about which they complain resulted in a deprivation of

their constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make their amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.     Request for Appointment of Counsel

Plaintiff has also requested appointment of counsel.  ECF No. 1 at 7; ECF No. 9 at 3-4. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

7

of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is a foreign alien, has limited skills in civil law, faces language barriers, has learning disabilities and is illiterate, and requires assistance investigating his claims.  ECF No. 1 at 7; ECF No. 9 at 3.  These circumstances are common to most prisoners and do not establish exceptional circumstances warranting the appointment of counsel.  Furthermore, because the complaint does not state a claim for relief, the court cannot find, at this stage, that plaintiff has a likelihood of success on the merits.  For these reasons, the motions will be denied.

IV.  Motions for Injunctive Relief

Plaintiff has filed numerous, duplicative motions seeking injunctive relief.  ECF Nos. 6-21.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))).

Plaintiff's motions for injunctive relief largely reiterate the allegations in the complaint and add additional allegations related to his medical care.  ECF Nos. 6-21.  Plaintiff appears to seek relief in the form of deportation to Mexico, a federal investigation into his allegations, an order halting the various abuses of power and discriminatory practices, and treatment for his various medical conditions.  Id.  Upon review, the court finds that, except for the first and fourth filed motions for injunctive relief (ECF Nos. 6 and 9), the motions are duplicative in terms of their allegations and requested relief, and in many instances contain identical content.  Due to the

////

repetitive nature of the additional motions, all but the first and fourth filed motions (ECF Nos. 7-8, 10-21) will be stricken as duplicative.

With respect to plaintiff's remaining motions, because he has not stated any viable claims, he cannot show any likelihood of success on the merits. Furthermore, a district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)). Plaintiff seeks relief based on the conduct of unspecified individuals. To the extent plaintiff seeks relief from named defendants, no defendant has been served. See Zepeda v. United States Immigr. & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). To the extent he seeks an injunction against non-defendants, the court does not have jurisdiction over those individuals unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts, and even if he had, no defendants have been served. Accordingly, it will be recommended that the motions for preliminary injunction be denied.

V.      Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you have alleged in the complaint are not enough to state a claim for relief. You have not alleged any specific facts regarding what each defendant did that you believe violated your rights and you have not requested relief that can be granted. You may amend your complaint to try to fix this problem. Be sure to provide facts

////

that show exactly what the defendant did to violate your rights or to cause a violation of your rights.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see, 28 U.S.C. § 1915A, and will not be served.

4. Plaintiff's requests for the appointment of counsel (ECF No. 1 at 7; ECF No. 9 at 3-4) are DENIED.

5. The Clerk of the Court is directed to STRIKE plaintiff's duplicative motions for injunctive relief (ECF Nos. 7-8, 10-21) from the record.

6. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

////

      8.   The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motions for a preliminary injunction (ECF Nos. 6, 9) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 22, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE