UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON, | No. 2:23-cv-0213 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ROB BONTA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's first amended complaint. ECF No. 28. Also pending is plaintiff's motion for injunctive relief. ECF No. 26.

I.     First Amended Complaint

    A.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 | Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2 | theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

3 | 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

4 | stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a

5 | constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6 | Franklin, 745 F.2d at 1227-28 (citations omitted).

7 |   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8 | claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9 | what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

10 | U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11 | "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12 | of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,

13 | 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure

14 | to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15 | cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16 | speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain

17 | something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18 | cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19 | R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20 |   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21 | relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22 | Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

23 | content that allows the court to draw the reasonable inference that the defendant is liable for the

24 | misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

25 | standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26 | Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citations omitted), as well as construe the

27 | pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28 | Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

B. <u>Allegations of the Complaint</u>

Plaintiff alleges that he is serving a sentence at Mule Creek State Prison for second degree murder and that defendants Covello, Moseley, Martinez, Vaughn, Rojas, Gates, King, Ullery, and Does 1-26 have violated his constitutional rights over the past twenty plus years. <u>Id.</u> at 7-24. Plaintiff alleges that he has been subjected to isolation; experimentation, including having a chip implanted in his brain to monitor him; emotional and psychological manipulation; violence; and deficient medical care for a litany of conditions. <u>Id.</u> Defendants have allegedly denied his grievances and refused to investigate the wrongful conduct that is the subject of plaintiff's complaints. <u>Id.</u> The first amended complaint appears to further allege deficiencies with the criminal proceedings leading to plaintiff's conviction, inappropriate denial of parole, and the denial of plaintiff's request to be transfer to Mexico. <u>Id.</u> at 11-12, 14-16. He requests compensatory damages; an investigation into the conduct complained of; "injunctive relief to protect plaintiff's personal safety, health and parole suitability;" and consideration of deportation to Mexico. <u>Id.</u> at 23.

C. <u>Failure to State a Claim</u>

    i. <u>Personal Involvement</u>

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a particular defendant's actions and the claimed deprivation, <u>Rizzo v. Goode</u>, 423 U.S. 362, 371, 376 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Plaintiff once again makes only conclusory allegations that defendants violated his rights, and he fails to make specific allegations regarding the conduct of any defendant. As with the original complaint, the first amended complaint fails to state a claim for relief against any defendant.

    ii. <u>Doe Defendants</u>

The complaint names John Does 1-26 as defendants. ECF No. 38 at 10-11. While the use of fictitiously named Doe defendants is generally not favored. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for

3

fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). Once again, as in the original complaint, plaintiff makes allegations against Doe defendants generally and fails to separately identify any Doe defendant or their conduct. Because plaintiff has not identified any specific action taken by any separately identified Doe defendant, he fails to state any claims against them. See Rizzo, 423 U.S. at 371, 376.

### iii. Scope of Section 1983

As plaintiff was previously advised, prisoners may not challenge the fact or duration of their confinement in a section 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence"). Accordingly, to the extent plaintiff seeks early release or to challenge his conviction or sentence, he fails to state a claim. Plaintiff's request for deportation to Mexico is also not properly before this court. As the United States District Court for the Northern District of California held in denying plaintiff's petition for habeas corpus,

> Foreign nationals may apply for transfer to their country of origin pursuant to their rights under the foreign prisoner transfer treaty, 22 I.L.M. 530 (1983) ("Treaty"), which were incorporated into California Penal Code §§ 2912 and 5028(a) and implemented in part by 18 U.S.C.A. §§ 4100-15. However, the Treaty does not grant prisoners any right to be transferred because Article III of the Treaty states that the decision to transfer is discretionary and that "a sentenced person may be transferred under this Convention only . . . if the sentencing and administering States agree to the transfer." 22 I.L.M. 530, art. 3 (1983). Accordingly, the denial of Petitioner's request to be transferred to Mexico did not violate a federal right. Rather, he may challenge it, if at all, in the state courts.

Calderon v. Covello, No. 22-cv-3881 BLF (PR), 2023 WL 5420229, at *5, 2023 U.S. Dist. LEXIS 147728, at *13 (N.D. Cal. Aug. 22, 2023) (alteration in original).

The court declines to offer plaintiff the option to convert his complaint to a habeas petition because it appears the Northern District has already denied his habeas petition raising similar claims and he has already filed another habeas petition in this court raising similar claims. See Calderon, 2023 WL 5420229, 2023 U.S. Dist. LEXIS 147728; Calderon v. Board of Parole Hearings of California, No. 2:23-cv-2554 CKD (E.D. Cal.).

4

D.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the first amended complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Moreover, despite being specifically advised that he needed to identify what each defendant did in order to state claims for relief against them, he has once again provided only general, conclusory assertions that defendants collectively have violated his rights. Given the lack of additional, specific facts, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

II.     Request for Appointment of Counsel

Plaintiff has also requested appointment of counsel. ECF No. 28 at 25-26. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In light of the recommendation that the complaint be dismissed without leave to amend, plaintiff cannot show that he has any likelihood of success on the merits and the motion will be denied.

III.     Motions for Injunctive Relief

Plaintiff has filed a motion for injunctive relief (ECF No. 26), and his amended complaint also appears to seek reconsideration of the findings and recommendations recommending denial of his previous such motions (ECF No. 28 at 27-36). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))).

As with plaintiff's previous motions for injunctive relief, both the instant motion and the motion for reconsideration largely reiterate the allegations and relief sought in the complaint. ECF No. 26; ECF No. 28 at 27-36. Plaintiff appears to seek relief in the form of a federal investigation into his allegations, an order protecting his civil rights and halting the various wrongdoings he complains of, and transfer to the protective housing unit at California State Prison-Corcoran. ECF No. 26 at 3; ECF No. 28 at 30, 34.

Because plaintiff has not stated any viable claims and it is being recommended that the complaint be dismissed without leave to amend, plaintiff cannot show any likelihood of success on the merits. Furthermore, plaintiff seeks relief based on the conduct of unspecified individuals and a district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court,

without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)).  To the extent plaintiff seeks relief from named defendants, no defendant has been served.  See Zepeda v. United States Immigr. & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  To the extent he seeks an injunction against non-defendants, the court does not have jurisdiction over those individuals unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendants.  Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")).  Plaintiff has failed to provide any such facts, and even if he had, no defendants have been served.  Accordingly, it will be recommended that the motions for preliminary injunction be denied.

Because the motion for reconsideration also merely repeats the claims plaintiff has already made, it should be denied as well.  See L.R. 230(j)(3)-(4) (a motion for reconsideration must state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you have alleged in the complaint are not enough to state a claim for relief.  You have not alleged any specific facts regarding what each defendant did that you believe violated your rights and you have not requested relief that can be granted.  It is being recommended that the complaint be dismissed without leave to amend because you have not provided any new, specific facts regarding the alleged violations or what each defendant did to violate your rights.

////

////

////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 28 at 25-26) is DENIED.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion for a preliminary injunction (ECF No. 26) be DENIED;

2. Plaintiff's motion for reconsideration (ECF No. 28 at 27-36) be DENIED; and

3. The first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 30, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE